PAINE WEBBER JACKSON AND CURTIS, INC. *v.*
GEOFFREY J. WINTERS
(9632)

DALY, FOTI and LAVERY, Js.

Argued October 2—decision released December 31, 1991

*Jan A. Marcus,* with whom was *Alan R. Spirer,* for the appellant (plaintiff).

*John Haven Chapman,* with whom, on the brief, was *Brian E. Moran,* for the appellee (defendant).

DALY, J. The plaintiff, Paine Webber Jackson & Curtis, Inc. (PaineWebber), appeals following the trial court's denial of its motion for setoff pursuant to General Statutes § 52-141 (b) (4). We affirm the judgment of the trial court.

This motion for setoff arose out of an action by the plaintiff against the defendant, Geoffrey Winters, for sums due on a promissory note. The defendant filed a counterclaim for tortious misconduct. The jury found in favor of the plaintiff on its complaint for $440,000 and for the defendant on his counterclaim for $440,000.18.

On May 15, 1989, separate judgments were rendered. The plaintiff moved for prejudgment interest pursuant to General Statutes § 52-192a because the plaintiff's award exceeded its offer of judgment for $295,000. We reversed the trial court's denial of this motion for interest and directed an award of prejudgment interest to the plaintiff. *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 22 Conn. App. 640, 579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990).

On August 21, 1990, the day this court issued its decision, the plaintiff filed this complaint and motion for setoff pursuant to General Statutes § 52-141. The trial court denied this motion holding that the plaintiff had failed to file its complaint within twenty-four hours after final judgment as required by § 52-141 (b) (4).[1] The plaintiff argues that the court's granting of a setoff in the related case of *Connecticut Bank & Trust Co.* v. *Winters,* 26 Conn. App. 317, 600 A.2d 1046 (1991), was inconsistent with the denial of its motion for setoff in this case. *Connecticut Bank & Trust Co.* v. *Winters,* supra, is a foreclosure proceeding in which PaineWebber has a lien on the proceeds remaining from the sale of Winters' property. We note that a motion to consolidate this appeal with *Connecticut Bank & Trust Co.* v. *Winters,* supra, has been denied. We will consider this appeal independent of that case. The only issue in this appeal is whether the term "final judgment" in § 52-141 (b) (4) applies to the trial court's judgments

---

[1] General Statutes § 52-141 provides in pertinent part: "(a) In a civil action for trespass to real or personal property or for a tort, unaccompanied by force, resulting in consequential injury, a defendant may set off against any judgment rendered against him any debt which he holds, jointly or severally, against the plaintiff, subject to the conditions contained in subsections (b) and (c) of this section.

"(b) . . . (4) Any such set-off shall be claimed by filing a complaint in the court in which the judgment has been rendered within twenty-four hours after final judgment."

on May 15, 1989, or to this court's decision on August 21, 1990. We hold that final judgment was rendered in this case on May 15, 1989.

Appellate Court jurisdiction is restricted to appeals from judgments that are final. General Statutes § 51-197a (a). Therefore, this court had jurisdiction over the original appeal by the plaintiff concerning the award of prejudgment interest. The term final judgment, however, lacks a " 'plain and unambiguous' " definition. *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 486, 547 A.2d 528 (1988). Generally, a pending appeal's effect on an otherwise final judgment presents a very difficult problem in applying the concept of finality because of the lack of formalized rules. Id.; *Preisner* v. *Aetna Casualty & Surety Co.,* 203 Conn. 407, 413–14, 525 A.2d 83 (1987). Due to the absence of formalized rules, our Supreme Court has held "that the relationship between a pending appeal and a judgment depends upon the nature of the issue to be addressed." *Preisner* v. *Aetna Casualty & Surety Co.,* supra, 414.

The present case involves the commencement of the statute of limitations. A pending appeal does not affect the finality of a trial court's judgment when the issue involves the triggering of the statute of limitations. *Varley* v. *Varley,* 181 Conn. 58, 60–61, 434 A.2d 312 (1980). Our Supreme Court has noted that "[a]n appeal does not vacate a judgment; it serves only to stay the enforcement of the rights acquired by the successful litigant." *Saunders* v. *Saunders,* 140 Conn. 140, 146, 98 A.2d 815 (1953). Therefore, the trial court's judgment is final "unless set aside by this court . . . ." Id.

This court's decision in *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* supra, 22 Conn. App. 648–56, to award interest pursuant to § 52-192a did not operate to set aside the original judgments in the case. A party

seeking an award of interest as allowed by § 52-192a must file a posttrial motion because the award can be determined only after a judgment has been rendered. Id., 653; see *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 301, 310, 472 A.2d 316 (1984). The determination of postjudgment motions are separate and distinct from the original judgments. "Rulings on postjudgment motions to modify an original judgment where the court has continuing jurisdiction are final judgments." *Pascal* v. *Pascal,* 2 Conn. App. 472, 476, 481 A.2d 68 (1984).

Here, the only mistake in the original judgments was the trial court's failure to award the plaintiff interest under § 52-192a. This court's decision to award interest did not require us to examine or to disturb the underlying substantive issues that were decided by the trial court. *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* supra. Thus, the final judgment in this case was rendered on May 15, 1989. The statute of limitations for the § 52-141 motion to set off was triggered that same day. As a result, the plaintiff's complaint and motion for setoff filed on August 21, 1990, was untimely.

The judgment is affirmed.

In this opinion the other judges concurred.