CECILIA MERCADO *v.* COMMISSIONER
OF INCOME MAINTENANCE
(14388)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued January 7— decision released May 12, 1992

*Judith Merrill Earl,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* assistant attorney general, for the appellant (defendant).

*Joanne Gibau,* for the appellee (plaintiff).

CÒVELLO, J. This is an appeal from an eligibility determination made by the defendant, the commissioner of income maintenance. The issue presented is whether in determining eligibility for assistance under the Aid to Families with Dependent Children Act, 42 U.S.C. § 602 et seq., the applicable federal statute mandates the inclusion of children's savings accounts in determining the family's total resources. We agree with the fair hearing officer's determination that such savings accounts are required to be considered in determining the family's resources and, therefore, we reverse the judgment of the trial court that held to the contrary.

The procedural facts are not in dispute. The plaintiff is a recipient of Aid to Families with Dependent Children (AFDC). On August 15, 1990, the defendant notified her that during the period between August 1, 1988, and August 31, 1989, two of the plaintiff's minor children had had savings account balances that totaled more than the $1000 statutory limit on family resources. The defendant concluded, therefore, that the family had been ineligible for assistance during that period and sought the return of $9342.75 paid to the plaintiff

on the mistaken assumption that the family had been eligible for AFDC benefits.

The plaintiff made a timely request for a fair hearing.[1] The hearing officer determined that during the period in question, two of the plaintiff's children, Angel and Sandra, who were both under the age of eighteen and full-time students, had savings accounts from accumulated earnings of $989.51 and $4964.11, respectively. The hearing officer found that these savings accounts were includable in calculating whether the family unit had resources in excess of $1000. The hearing officer, therefore, determined that "the assets of the appellant's assistance unit were in excess of the agency AFDC asset limit of $1000.00 during the period of August 1, 1988, through August 31, 1989. Therefore, the District properly determined that all the AFDC assistance [payment] rendered during that period represents an overpayment. The total amount of $9,342.75 is therefore subject to recoupment action." The plaintiff took a timely appeal to the Superior Court.[2]

The trial court, relying upon *Rebman* v. *Welfare Commissioner*, 31 Conn. Sup. 515, 324 A.2d 273 (1973), a decision of the Appellate Division of the Court of Common Pleas, concluded "[t]hat earned income and accumulated income as represented by a savings [account] held more than one month for the purposes

[1] General Statutes § 17-2a provides: "FAIR HEARINGS BY COMMISSIONER. APPLICATION. Any aggrieved person authorized by law to request a fair hearing on a decision of the commissioner of income maintenance, or the conservator of any such person on his behalf, may make application for such hearing in writing over his signature to the commissioner and shall state in such application in simple language the reasons why he claims to be aggrieved. Such application shall be mailed to the commissioner within sixty days after the rendition of such decision. . . ."

[2] General Statutes § 17-2b (b) provides: "The applicant for such hearing, if aggrieved, may appeal therefrom in accordance with section 4-183. Appeals from decisions of said commissioner shall be privileged cases to be heard by the court as soon after the return day as shall be practicable."

of determining the extent of benefits should not be distinguished. To do so 'is to do violence to the entire federal system of public welfare. A disregarding of the child's accumulated earnings instills the incentive to work, whereas reimbursement of this accumulated earned income to the welfare commissioner perpetuates a disincentive to work.' [*Rebman* v. *Welfare Commissioner*, supra], 520." The trial court concluded "that the District Office and the Fair Hearing Officer incorrectly and improperly applied the law to the claim of the appellant" and sustained the appeal. The defendant appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to Practice Book § 4023.

As succinctly set forth in the defendant's brief, the statutory and regulatory background to this issue is as follows: "The AFDC program is a joint federal state program. The federal statutes relating to AFDC are codified at 42 U.S.C. § 601 et seq. Federal regulations relating to eligibility for AFDC appear at 45 C.F.R. § 233.10 et seq. The defendant, Commissioner of Income Maintenance, is the state official charged with the administration of the AFDC program. See General Statutes § 17-2.

"The AFDC program, as enacted by Congress, and, in which the state participates, is designed to provide for needy dependent children. The Congress has set up, and the state has implemented, a complex system for determining whether a given child is needy. In order to provide an incentive to work, the Congress requires a participating state, in determining eligibility, to disregard certain earned income of various types of people who may make up a household. Among them are minor children who are students, minor children who are not students, parents and stepparents. That income which must be disregarded is not counted by the states in making eligibility determinations. The Congress has

also imposed a $1,000.00 limitation on the resources that an AFDC household may have and still be eligible for the AFDC program.[3]

"In the case at bar, the plaintiff's minor children earned wages from jobs. Those wages were disregarded by the state in the month in which they were received. The children placed some portion of their wages in savings accounts. It is the defendant's contention that once the wages were retained beyond the month in which they were received, they became resources, subject to the $1,000.00 limitation on resources; and that, therefore, the plaintiff's family was ineligible for AFDC for the entire period in which the combined balances in the savings accounts exceeded $1,000.00."

The plaintiff argues, on the other hand, that once disregarded, the children's wages were to be thereafter disregarded for all purposes and that the earned income should have been categorized simply as retained income and was not to be included in determining the $1000 resource limitation for AFDC eligibility purposes. We disagree.

Title 42 of the United States Code, § 602 (a) (7) provides that a state plan for AFDC benefits must "provide that the State agency—(A) shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children . . . (B) shall determine ineligible for aid any family the combined value of whose resources (reduced by any obligation or debts with respect to such resources) exceeds $1,000 . . . ."

Title 42 of the United States Code, § 602 (a) (8) (A) provides that a state plan for AFDC must "provide

---

[3] As also set forth in the defendant's brief, "[t]he $1,000 limitation is imposed after disregarding certain resources, such as an automobile of limited value. Resource disregards are not in issue in this case."

that, *with respect to any month,* in making the determination under paragraph (7), the State agency—(i) shall disregard all of the earned income of each dependent child receiving aid to families with dependent children who is . . . a full-time student or a part-time student who is not a full-time employee attending a school, college, or university, or a course of vocation or technical training designed to fit him for gainful employment . . . ." (Emphasis added.) This language does not expressly restrict the time period for disregarding a full-time dependent student's income to the month in which it is earned.[4]

It is well settled that "[w]hen [statutory] language is clear and unambiguous, its meaning is not subject to modification by construction." *Thibeault* v. *White,* 168 Conn. 112, 115, 358 A.2d 358 (1975). When the language of a statute is reasonably subject to diverse interpretations, however, we look to the statute's legislative history and the policy it was designed to implement "to ascertain and give effect to the apparent intent of the legislature." *United Illuminating Co.* v. *Groppo,* 220 Conn. 749, 755, 601 A.2d 1005 (1992). The legislative history of 42 U.S.C. § 602 (a) (8) does not specifically address whether Congress intended to exempt permanently the earnings of a dependent child who is a full-time student in determining a family's eligibility for AFDC. It does indicate, however, that until

---

[4] The absence of restrictive language in 42 U.S.C. § 602 (a) (8) (A) (i) contrasts with other subsections of 42 U.S.C. § 602 (a) (8) (A). Section 602 (a) (8) (A) (ii), for example, provides that a state agency "shall disregard from the earned income of any child or relative applying for or receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making [the eligibility determination], the first $90 of the total of such earned income *for such month.*" (Emphasis added.) In addition, subsection (vi) of paragraph (8) (A) provides, in relevant part, that a state agency "shall disregard the first $50 of any child support payments *for such month received in that month.*" (Emphasis added.)

1981, a state agency could, subject to limitations imposed by federal regulations, permit a family to set aside earned or other income for the "future identifiable needs" of a dependent child. In 1967, Congress amended § 402 (a) of the Social Security Act to add various provisions for the disregarding of certain types of income of AFDC recipients and applicants, including the provision requiring that a state agency disregard all earned income of a dependent child receiving AFDC who is a full-time student.[5] Pub. L. No. 90-248, § 202 (b) (1967). The amended law incorporated existing language, which provided that "the State agency . . . '(B) (i) may, subject to the limitations prescribed by the Secretary [of Health, Education and Welfare],[6] permit all or any portion of the earned or other income to be set aside for future identifiable needs of a dependent child . . . .' "[7] If a state agency chose to exercise this

[5] Prior to the 1967 amendment, the law allowed (but did not require) the state agency to disregard the earnings of children up to $50 a month per child for a maximum of $150 a month per family. See Pub. L. No. 90-248, Senate Report No. 744, reprinted in 1967 U.S. Code Cong. & Adm. News 2994. Congress enacted this limited disregard in 1965, "[t]o remove [the] disincentive for children to work . . . ." Pub. L. No. 89-97, Senate Report No. 404, reprinted in 1965 U.S. Code Cong. & Adm. News 2089.

[6] The Secretary of Health, Education and Welfare was redesignated as the Secretary of Health and Human Services effective May 4, 1980. Pub. L. No. 96-88, § 601 (1979), codified at 20 U.S.C. § 3508 (a).

[7] Section 202 (b) of Public Law No. 90-248 of 1967 provided in relevant part: "(b) Effective July 1, 1969, section 402 (a) of such Act is amended by striking out clause (7) and inserting in lieu thereof the following: '(7) except as may be otherwise provided in clause (8), provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income; (8) provide that, in making the determination under clause (7), the State agency—

'(A) shall with respect to any month disregard—

'(i) all of the earned income of each dependent child receiving aid to families with dependent children who is (as determined by the State in accord-

option, it considered such retained income "as not available for meeting current subsistence needs" of the family unit. Pub. L. No. 87-543, Senate Report No. 1589, reprinted in 1962 U.S. Code Cong. & Adm. News 1970.

The provision allowing for the setting aside of income for the future identifiable needs of dependent children was deleted, however, from the statute by Public Law No. 97-35, the Omnibus Reconciliation Act of 1981. At that time, Congress also enacted the $1000 statutory limitation on the resources of a family receiving AFDC.[8] As a result of these amendments, a state agency may no longer permit AFDC recipients to retain income in excess of $1000, even if it is intended for the future identifiable needs of dependent children. Thus,

---

ance with standards prescribed by the Secretary) a full-time student or part-time student who is not a full-time employee attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment, and

'(ii) in the case of earned income of a dependent child not included under clause (i), a relative receiving such aid, and any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $30 of the total of such earned income for such month plus one-third of the remainder of such income for such month; and

'(B) (i) may, subject to the limitations prescribed by the Secretary, permit all or any portion of the earned or other income to be set aside for future identifiable needs of a dependent child, and (ii) may, before disregarding the amounts referred to in subparagraph (A) and clause (i) of this subparagraph, disregard not more than $5 per month of any income . . . .' "

[8] Prior to 1981, regulations established the resource limitation as $2000 in real and personal property, including liquid assets, and excluding the home, personal effects, an automobile, and income-producing property. Pub. L. No. 97-35, Senate Report No. 97-139 reprinted in 1981 U.S. Code Cong. & Adm. News 702. The legislative history of the 1981 act indicates that Congress considered the existing regulatory limit too high, in that it allowed AFDC "to be provided in situations in which families have resources upon which they could reasonably be expected to draw." Id., 769. The legislative history also reveals that Congress limited the value of resources allowed AFDC recipients "to assure that aid would be restricted to those most in need." Id., 770.

the legislative history of 42 U.S.C. § 602 (a) (8) discloses the deliberate excision of statutory language that could have served as the basis for excluding children's savings from the $1000 monthly resource limitation.

The plaintiff's suggested construction of 42 U.S.C. § 602 (a) (8) is also contrary to the relevant federal regulations. Although it is not controlling, the interpretation of a federal agency is entitled to substantial deference. *Chevron U.S.A.* v. *Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844–45, 104 S. Ct. 2778, 81 L. Ed. 2d 694, reh. denied, 468 U.S. 1227, 105 S. Ct. 28, 82 L. Ed. 2d 921 (1984). Section 233.20 (a) (3) (i) (B) of title 45 of the Code of Federal Regulations, an enactment of the Department of Health and Human Services (HHS), the federal agency charged with implementation of the AFDC program, provides: "[I]n AFDC—The amount of real and personal property that can be *reserved* for each assistance unit shall not be in excess of one thousand dollars equity value . . . ." (Emphasis added.) Section 233.20 (a) (6) (viii) states: "*Reserves* accumulated from earnings are given no different treatment than *reserves* accumulated from any other sources." (Emphasis added.) Thus, it is clear that HHS construes savings, whether or not they are derived from earned income, as resources that are limited to $1000 per eligible family.

While such an interpretation may be an unwise perpetuation of a disincentive to save for one's education or other worthy goals in order to get off the welfare rolls, policy determinations are not a function of the judicial branch, however, but repose exclusively with the Congress that enacted the controlling legislation. Because 42 U.S.C. § 602 (a) (7) limits the resources for an entire family to $1000, we conclude that the hearing officer correctly determined that during the period of August 1, 1988, through August 31, 1989, the plain-

tiff was ineligible for AFDC because the balance in the children's savings accounts exceeded $1000.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.

In this opinion the other justices concurred.