Plaintiff Janet Memoli, Executrix of the Estate of Julia Brassard, appeals the decision of the defendant Commissioner of Income Maintenance (Commissioner) who, through her designated Fair Hearing Officer, denied Mrs. Brassard's application for certain public medical assistance payments. The Commissioner acted pursuant to General Statutes 17-82d and the Uniform Policy Manual of the Department of Income Maintenance. The appeal is taken pursuant to General Statutes 4-183. CT Page 5722
Since the Commissioner denied Mrs. Brassard benefits provided by law, significant personal and legal rights, the court finds the plaintiff is aggrieved and has standing to appeal.
The sole issue raised by this appeal is whether the refusal of the Commissioner to set off Mrs. Brassard's accrued medical expenses against her excess resources is a violation of state and federal statutes and regulations governing Title XIX (Medicaid) benefits.
Both counsel in this case have filed excellent briefs, well researched and presenting persuasive arguments. There are no Connecticut appellate court decisions on the issue. Two Superior Court decisions have been published during the last year, however, which are squarely on point. Appicelli v. Commissioner,7 CSCR 23 (1992) (Axelrod, J.), and Matarazzo v. Aronson, No. CV91 0388251 (Superior Court, Hartford J.D. at Hartford, June 29, 1992, Holzberg, J.). Both these cases hold that the Commissioner's refusal to set off accrued expenses against resources accumulated in excess of the $1600 limit does not violate any law or regulation and is not, therefore, an abuse of the Commissioner's discretion.
This court is persuaded that the decisions in Appicelli and Matarazzo correctly state applicable current law. The plaintiff may not, therefore, prevail in her appeal. In so holding, this court endorses the observation by Judge Holzberg in Matarazzo that it is a case where the plaintiff has "logic and policy on her side of the argument, but the state appears to have the law." As Judge Holzberg points out, however, "policy flaws in the Medicaid statute are a matter for legislative correction, not judicial modification," citing Mercado v. Commissioner, 222 Conn. 69 (1992).
The appeal is dismissed.