CONNECTICUT BANK AND TRUST COMPANY, INC. *v.*
GEOFFREY J. WINTERS ET AL.
(14459)

PAINE WEBBER JACKSON AND CURTIS, INC. *v.*
GEOFFREY J. WINTERS
(14460)

PETERS, C. J., CALLAHAN, BORDEN, KATZ and F. X. HENNESSY, Js.

---

Argued December 9, 1992—decision released March 23, 1993

*Jan A. Marcus,* with whom was *Alan R. Spirer,* for the appellant (defendant PaineWebber, Inc.).

*Edward P. McCreery III,* with whom, on the brief, was *Alice A. Carey,* for the appellee (defendant Union Trust Company).

*John Haven Chapman,* for the appellee (intervenor Chapman, Moran, Hubbard and Zimmermann).

*Jan A. Marcus,* with whom was *Alan R. Spirer,* for the appellant (plaintiff).

*John Haven Chapman,* with whom, on the brief, was *Brian E. Moran,* for the appellee (defendant).

PETERS, C. J. The principal issues in these appeals[1] are (1) whether the trial court's judgment is a "final judgment" that triggers the filing requirement for a complaint for setoff pursuant to General Statutes § 52-141,[2] and (2) whether the trial court abused its equitable discretion by denying setoff in one action while granting setoff in the other action. We affirm the judgment of the Appellate Court in Docket No. 14460 and direct the trial court to issue an articulation in Docket No. 14459.

[1] Although we denied the motion, filed by PaineWebber, Inc. (see footnote 3), seeking consolidation of these appeals, we consider them in one opinion because of the overlap of some issues.

[2] "[General Statutes] Sec. 52-141. SET-OFF IN ACTION FOR TRESPASS OR TORT. (a) In a civil action for trespass to real or personal property or for a tort, unaccompanied by force, resulting in consequential injury, a defendant may set off against any judgment rendered against him any debt which he holds, jointly or severally, against the plaintiff, subject to the conditions contained in subsections (b) and (c) of this section.

"(b) (1) This section shall not apply to a civil action for damages for taking property exempt from execution.

"(2) No debt which was acquired by a defendant by purchase or assignment after the accruing of the cause of action upon which the judgment is rendered may be allowed as a set-off under this section.

"(3) An assignment of the judgment by the plaintiff shall not affect the right of set-off and any such assignment shall be taken subject to the right of set-off.

"(4) Any such set-off shall be claimed by filing a complaint in the court in which the judgment has been rendered within twenty-four hours after final judgment.

"(5) No set-off may be allowed in cases where the defendant had the right of set-off on the trial of the case.

"(c) (1) The court shall make any proper set-off immediately if the debt claimed is admitted by the plaintiff or evidenced by judgment.

"(2) If a claimed set-off is not admitted or evidenced by judgment and is denied by the plaintiff, it shall not be allowed unless the defendant has instituted a suit therefor prior to the rendition of judgment in the original action. If any such suit is pending at the time of rendition of judgment for the plaintiff in the original action, the court rendering judgment shall stay execution thereon until the final termination of the suit. Upon termination of the suit, the court shall allow the set-off in the original action in accordance with the amount adjudged to be due on the set-off claim in the suit."

These appeals arise from two separate actions. *Paine Webber Jackson & Curtis, Inc.* v. *Winters* (Docket No. 14460) (the *PaineWebber* action) is a breach of contract action brought by PaineWebber, Inc.[3] (PaineWebber), against Geoffrey Winters, a former PaineWebber employee, for Winters' refusal to repay a loan made to him by PaineWebber during his employment. Winters thereafter asserted twelve counterclaims against PaineWebber. PaineWebber filed a timely offer of judgment, offering to settle its breach of contract claim for $295,000. Winters neither responded to this offer nor filed an offer of judgment on his counterclaims. After a jury trial,[4] on May 15, 1989, the trial court rendered two separate judgments: for PaineWebber on the breach of contract claim in the amount of $440,000; and for Winters on five of the counterclaims,[5] in the amount of $440,000.18.[6] PaineWebber then unsuccessfully moved to set aside the judgment in favor of Winters and for interest on the judgment in favor of PaineWebber pursuant to General Statutes (Rev. to 1989) § 52-192a.[7]

[3] PaineWebber, Inc., was formerly known as Paine Webber Jackson & Curtis, Inc.

[4] Initially, the trial court granted summary judgment in favor of PaineWebber on its claim. The Appellate Court set aside this judgment, however, because factual issues remained, and remanded the matter. *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 13 Conn. App. 712, 722, 539 A.2d 595, cert. denied, 208 Conn. 803, 545 A.2d 1100 (1988). The jury trial was held on remand.

[5] Winters was awarded damages on his counterclaims alleging defamation and conversion of personal files. He also prevailed on his counterclaims alleging breach of employment contract, intentional interference with contract and intentional interference with prospective advantage, but was awarded only nominal damages on those claims.

[6] PaineWebber claims that creditors of Winters have attached the judgment rendered in his favor in the *PaineWebber* action, obligating PaineWebber to pay the full $440,000.18.

[7] "[General Statutes (Rev. to 1989)] Sec. 52-192a. OFFER OF JUDGMENT BY PLAINTIFF. ACCEPTANCE BY DEFENDANT. COMPUTATION OF INTEREST. (a) After commencement of any civil action based upon contract or for the recovery of money only, the plaintiff may before trial file with the clerk

PaineWebber appealed to the Appellate Court, claiming, inter alia, that the trial court had improperly denied its motion for interest. *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 22 Conn. App. 640, 579 A.2d 545 (1990). Without disturbing the jury verdicts, the Appellate Court reversed the trial court's denial of PaineWebber's motion for interest and directed the trial court to award interest, the amount of which was approximately $245,000.[8] Id., 656. Winters unsuccessfully sought certification to appeal to this court from

of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the 'offer of judgment,' the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment.' Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[8] PaineWebber's complaint for setoff calculated prejudgment interest due as $244,758, plus postjudgment interest.

the Appellate Court's decision. *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 216 Conn. 820, 581 A.2d 1055 (1990).

Within twenty-four hours of issuance of the Appellate Court's judgment awarding PaineWebber interest on the judgment in its favor, PaineWebber filed in the trial court both a complaint for setoff of the judgments pursuant to § 52-141 and a motion for equitable setoff. The trial court denied the setoff, determining that (1) PaineWebber had filed its complaint for setoff more than twenty-four hours after final judgment, in violation of the requirements of § 52-141,[9] and (2) PaineWebber was not entitled on equitable grounds to a setoff of the judgments. PaineWebber appealed to the Appellate Court, which affirmed. *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 26 Conn. App. 322, 600 A.2d 1048 (1991). We subsequently granted PaineWebber's petition for certification.[10]

---

[9] In addition to denying PaineWebber's complaint for setoff because of its untimeliness, the trial court denied the complaint on the ground that General Statutes § 52-141 was inapplicable in this case because the tort claim and the breach of contract claim had been resolved together. PaineWebber challenged this holding, as well as the untimeliness holding, in the Appellate Court, and the Appellate Court affirmed the trial court on the untimeliness ground. In this court, PaineWebber challenges the trial court's denial of its complaint for setoff only on the untimeliness ground. We, therefore, do not address the trial court's holding that § 52-141 did not apply in this case.

[10] We granted certification limited to the following issues: "1. Did the Appellate Court improperly conclude that the 'only issue' in the appeal below was to determine when a judgment is 'final' for purposes of General Statutes § 52-141 (b) (4), not ruling upon Paine Webber's argument concerning entitlement to an equitable setoff of opposing judgments?

"2. Did the Appellate Court improperly fail to reverse the trial court and to order an equitable setoff of the judgments obtained by Paine Webber and by Winters, especially in view of the fact that the same trial court had ordered an equitable setoff of the same judgments in the matter of *Connecticut Bank & Trust Co.* v. *Winters,* 26 Conn. App. 317, 600 A.2d 1046 (1991)?

"3. Did the Appellate Court improperly conclude that the judgment in

*Connecticut Bank & Trust Co.* v. *Winters* (Docket No. 14459) (the foreclosure action) is an action seeking to foreclose Winters' interest in property in Greenwich.[11] PaineWebber was one of the defendants in the foreclosure action because, during the *PaineWebber* litigation, PaineWebber had secured a prejudgment attachment on this property,[12] becoming the third most senior encumbrancer. After a foreclosure sale that yielded $1.1 million, the trial court ordered distribution of the proceeds to the two most senior encumbrancers.[13]

The trial court, in the foreclosure action, thereafter granted an equitable setoff of the *PaineWebber* judgments, the effect of which was to reduce the amount owed by Winters to PaineWebber from approximately $685,000, the amount of its judgment plus interest, to approximately $245,000, the amount of interest. The trial court then denied PaineWebber's motion to stay proceedings pending its appeal from the trial court's

this matter was 'final' for purposes of General Statutes § 52-141 (b) (4) at the time when the trial court rendered judgment?

"4. Did the Appellate Court improperly refuse to consider the issues raised in this appeal with the issues of the appeal in *Connecticut Bank & Trust Co.* v. *Winters,* supra, when both appeals involved the same issue of equitable setoff?

"5. Are the issues in this appeal moot if the affirmance by the Appellate Court of the trial court's allowance of a setoff in *Connecticut Bank & Trust Co.* v. *Winters,* supra, is upheld?" *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 221 Conn. 912, 912–13, 602 A.2d 11 (1992).

[11] The parties involved in this appeal are PaineWebber, Inc., which held a prejudgment attachment on the subject property; Union Trust Company, a judgment lienor; and Chapman, Moran, Hubbard and Zimmermann, an intervenor that held a charging lien on the judgment rendered in the *PaineWebber* action in favor of Winters.

[12] PaineWebber claims that the amount of its lien is $425,000, but the record reveals that the amount may, in fact, be $325,000. This discrepancy need not be resolved for the purpose of this appeal.

[13] The two most senior encumbrancers were Connecticut Bank and Trust Company, N.A., a mortgagee and the plaintiff in the foreclosure action, and Citibank, N.A., also a mortgagee. Neither is involved in this appeal.

denial of setoff in the *PaineWebber* action. After reserving for PaineWebber a portion of the remaining foreclosure sale proceeds in order to protect PaineWebber's right to interest,[14] pending this court's decision on Winters' petition for certification from the Appellate Court's award of interest in the *PaineWebber* action, the trial court ordered distribution to the fourth and fifth most senior encumbrancers, Weatherly Securities, a mortgagee, and Union Trust Company, respectively.

PaineWebber appealed to the Appellate Court from the trial court's distribution order and denial of its motion for a stay, and the Appellate Court affirmed. *Connecticut Bank & Trust Co.* v. *Winters,* 26 Conn. App. 317, 600 A.2d 1046 (1991). We subsequently granted PaineWebber's petition for certification.[15]

In these appeals, PaineWebber raises several claims seeking to achieve consistent decisions regarding setoff in the two actions. PaineWebber argues that, if the trial court's decisions regarding setoff are affirmed, PaineWebber will be obligated to pay $440,000.18, the

[14] Because PaineWebber claimed postjudgment interest under General Statutes § 52-192a in addition to prejudgment interest; see footnote 8; the trial court reserved $260,000 of foreclosure sale proceeds for PaineWebber.

[15] We granted certification limited to the following issues: "1. Did the Appellate Court improperly affirm the trial court's decision to set off the judgments obtained by Paine Webber and by Winters in this foreclosure action when the Appellate Court simultaneously affirmed a denial of the same request for a setoff in the *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 26 Conn. App. 322, 600 A.2d 1048 (1991), matter?

"2. Did the Appellate Court improperly permit other creditors of defendant Winters, junior in priority to Paine Webber, to set off judgments obtained by Paine Webber against Winters and Winters against Paine Webber, thereby reducing Paine Webber's claim to the foreclosure proceeds in this matter from $425,000 to $260,000?

"3. Did the Appellate Court improperly fail to consider the issues of this matter with the issues of the appeal in *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* supra, when the same question of equitable setoff existed in both cases?" *Connecticut Bank & Trust Co.* v. *Winters,* 221 Conn. 911, 912, 602 A.2d 10 (1992).

full judgment rendered against it in the *PaineWebber* action, even though its security in the foreclosure proceeds has been reduced to $260,000, which the trial court reserved to protect PaineWebber's right to interest on the *PaineWebber* judgment rendered in its favor.[16] Specifically, in the *PaineWebber* case, PaineWebber claims that the Appellate Court improperly affirmed the trial court's determinations that: (1) PaineWebber was not entitled to a setoff of the judgments on equitable grounds;[17] and (2) PaineWebber had untimely filed its complaint for setoff. In the foreclosure action, PaineWebber claims that the Appellate Court's affirmance of the trial court's equitable setoff yields an unjust result and has caused extreme prejudice to PaineWebber.[18]

---

[16] Although PaineWebber claims that Winters is effectively insolvent and that the foreclosure proceeds are the only asset from which PaineWebber might receive payment, Winters disputes that claim.

[17] Because the Appellate Court affirmed the trial court's judgment without discussing the issue of equitable setoff, we review the trial court's disposition of this issue, rather than the Appellate Court's disposition of it. We reject PaineWebber's contention that the Appellate Court's omission constitutes "reversible error," because the claim receives full consideration herein.

[18] In its brief to this court, PaineWebber acknowledged that it would withdraw its appeal in the foreclosure action if we reverse the Appellate Court's affirmance of the trial court's denial of setoff in the *PaineWebber* action.

Moreover, PaineWebber contends, in both cases, that the Appellate Court's failure to consider the merits of the two cases together was improper. We note that PaineWebber has not raised on appeal the Appellate Court's denial of its motion to consolidate the cases. We, therefore, understand this contention as a claim that the Appellate Court, having properly denied PaineWebber's motion to consolidate, was nonetheless required to consider the cases together.

We reject such a claim. Even if the Appellate Court had considered the cases together, the Appellate Court would be entitled to reverse the trial court's exercise of its equitable powers in each of the two separate cases only if that exercise was unreasonable. *Fellows* v. *Martin,* 217 Conn. 57, 67–68, 584 A.2d 458 (1991). The Appellate Court's joint consideration of the cases could not alter the fact that the two cases were tried separately in the trial court. Accordingly, even if the Appellate Court had determined, after its joint consideration of the cases, that the two decisions of the trial

## I

### THE *PAINE WEBBER* ACTION

#### A

PaineWebber claims that its complaint for setoff was timely filed within twenty-four hours of the Appellate Court's August, 1990 judgment, in compliance with the requirement of § 52-141 that a complaint for setoff be filed within twenty-four hours of "final judgment." PaineWebber contends, therefore, that the trial court improperly concluded that the complaint was untimely. Winters claims, on the other hand, that, to comply with § 52-141, PaineWebber was required to file its complaint within twenty-four hours of the trial court's May, 1989 judgment, and that, accordingly, PaineWebber's complaint, filed in August, 1990, was untimely. We agree with Winters that § 52-141 required PaineWebber to file its complaint for setoff within twenty-four hours of the trial court judgment, notwithstanding the subsequent appeal.

Pursuant to § 52-141, a defendant against whom a tort judgment has been rendered may request a court to set off that judgment against a debt owed to the defendant by the plaintiff.[19] Section 52-141 (b) (4) requires, however, that the complaint for setoff be filed within twenty-four hours of "final judgment" on the tort claim. The issue, therefore, is whether PaineWebber complied with the twenty-four hour filing require-

court, taken together, created an inequity, it would not thereby have been entitled to reverse the trial court's decisions, because the trial court properly considered the cases separately. Indeed, PaineWebber neither appealed from the trial court's denial of its motion to consolidate nor raised in this court or in the Appellate Court the trial court's failure to consider the cases together. PaineWebber's claim that the Appellate Court should have considered the two cases together, therefore, fails.

[19] PaineWebber was the defendant on Winters' counterclaims, which for the most part sounded in tort. See footnote 5.

ment, and this inquiry turns on whether the trial court judgment was the "final judgment" for the purposes of § 52-141 (b) (4). This question is an issue of first impression in this state.[20]

In our determination of the meaning of "final judgment" in the context of § 52-141 (b) (4), we consider, at the outset, whether that term is ambiguous. Ordinarily, if statutory language is clear and unambiguous, there is no need for statutory construction. *Mercado* v. *Commissioner of Income Maintenance,* 222 Conn. 69, 74, 607 A.2d 1142 (1992); *Manning* v. *Barenz,* 221

---

[20] We have previously decided that, at the time a judgment is rendered in the trial court, it becomes final for the purpose of triggering a statute of limitations. *Varley* v. *Varley,* 181 Conn. 58, 60–61, 434 A.2d 312 (1980). *Varley* is not controlling here, however, because the twenty-four hour filing requirement of General Statutes § 52-141 (b) (4) is not properly considered a statute of limitations, despite that characterization of it by the Appellate Court. *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 26 Conn. App. 322, 325, 600 A.2d 1048 (1991).

Black's Law Dictionary defines "statute of limitations" as "[a] statute prescribing limitations to the right of action on certain described causes of action . . . that is, declaring that no suit shall be maintained . . . within a specified period of time after the right accrued . . . ." Black's Law Dictionary (5th Ed.). The purposes of statutes of limitation include finality, repose and avoidance of stale claims and stale evidence. See *Pintavalle* v. *Valkanos,* 216 Conn. 412, 417, 581 A.2d 1050 (1990); *Zapata* v. *Burns,* 207 Conn. 496, 508–509, 542 A.2d 700 (1988).

Unlike a statute of limitations, the pleading requirement imposed by § 52-141 (b) (4) does not limit the right to bring a suit and, because of its short length, cannot have been intended to promote repose and finality or to protect against stale claims and evidence.

Finally, our decision not to characterize the twenty-four hour filing requirement as a statute of limitations is in accord with prior cases. For example, in *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758, 535 A.2d 1292 (1988), we impliedly recognized that a five day limitation on filing posttrial motions, imposed by Practice Book rule, is not a statute of limitations: "We no more feel at liberty to disregard [the five day limitation] . . . than we do to disregard *an ordinary statute of limitations* . . . ." (Emphasis added; internal quotation marks omitted.) Similarly, in *Cutting* v. *Yudkin,* 137 Conn. 635, 637, 79 A.2d 823 (1951), we held that a statutory requirement that a bill of exceptions and writ of error be filed within forty-eight hours of judgment was not a statute of limitations.

Conn. 256, 260, 603 A.2d 399 (1992). If statutory language is ambiguous, however, the court must construe it in accordance with the statute's background and purpose, as well as with common sense. *In re Valerie D.*, 223 Conn. 492, 512–13, 613 A.2d 748 (1992); *Warkentin* v. *Burns,* 223 Conn. 14, 20, 610 A.2d 1287 (1992); *Jutkowitz* v. *Department of Health Services,* 220 Conn. 86, 102, 596 A.2d 374 (1991).

We are persuaded that the "final judgment" language of § 52-141 (b) (4) is ambiguous. Our case law has repeatedly recognized that the term "final judgment" may have different meanings in different contexts. "[T]he effect of a pending appeal upon an otherwise final judgment has aptly been characterized as '[o]ne of the most troublesome problems in applying the rule of finality [of judgments],' because this is an area in which '[t]here are no technically precise and universally recognized rules . . . .' " *Preisner* v. *Aetna Casualty & Surety Co.,* 203 Conn. 407, 413–14, 525 A.2d 83 (1987), quoting F. James & G. Hazard, Civil Procedure (3d Ed. 1985) § 11.4, p. 592. "[W]e have recognized that the relationship between a pending appeal and a judgment depends upon the nature of the issue that is to be addressed. Accordingly, a trial court judgment has been held to be final, despite a pending appeal, insofar as the issue was the triggering of the statute of limitations . . . the continuing validity of interlocutory alimony orders . . . or the applicability of the rules of res judicata." (Citations omitted.) Id., 414; see *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 486, 547 A.2d 528 (1988). Finally, we note that § 52-141 itself does not define "final judgment" or otherwise give guidance as to its meaning.

We must, therefore, construe the term "final judgment" as it is used in § 52-141 (b) (4). In determining its meaning, we are guided by the rule announced in *Paranteau* v. *DeVita,* 208 Conn. 515, 522–23, 544 A.2d

634 (1988), that, for the purpose of appealability, a trial court judgment on the merits is the final judgment, notwithstanding the pendency of a postjudgment claim for attorney's fees. See General Statutes § 52-263.[21] In *Paranteau,* we held that a bright-line rule as to when an appeal must be taken is preferable to a retrospective consideration of whether a postjudgment claim is so integral to the judgment on the merits that that judgment is not appealable until the postjudgment claim has been decided. We noted that such a bright-line rule would promote certainty and efficiency. *Paranteau* v. *DeVita,* supra, 522–23.

Similarly, in cases involving § 52-141, it would be inappropriate for the timeliness of a complaint for setoff to depend upon a retrospective, artificial determination of the finality of the trial court judgment. Such a case-by-case approach would create uncertainty and confusion regarding both the procedural obligations of the litigants and the financial outcome in a case in which the defendant seeks to set off a tort judgment rendered against it.

For the same reasons that we find the reasoning of *Paranteau* persuasive in this context, we decline to rely on *Preisner* v. *Aetna Casualty & Surety Co.,* supra, in our determination of the meaning of "final judgment" in § 52-141 (b) (4). In *Preisner,*[22] we enunciated a test

[21] "[General Statutes] Sec. 52-263. APPEALS FROM SUPERIOR COURT. EXCEPTIONS. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

[22] In *Preisner* v. *Aetna Casualty & Surety Co.,* 203 Conn. 407, 412–13, 525 A.2d 83 (1987), we determined the effect of a trial court's judgment

for determining if a trial court judgment is a "final judgment" despite a subsequent appeal: "If the trial court's judgment is sustained [on appeal], or the appeal dismissed, the final judgment ordinarily is that of the trial court. If, however, there is reversible error, the final judgment is that of the appellate court." Id., 415. "The finality of a judgment may, [therefore], depend upon the outcome of the pending appeal." Id. This test is not useful in determining the meaning of "final judgment" in the context of § 52-141 (b) (4), however, because the parties would not know until the outcome of an appeal whether the trial court judgment or the appellate court judgment was properly considered the "final judgment."

Our conclusion that the trial court's judgment was the "final judgment" for the purpose of § 52-141 (b) (4) is bolstered by the fact that construing that term to refer to the judgment rendered on appeal, as PaineWebber urges, would result in an unworkable intersection of § 52-141 (b) (4) and Practice Book § 4009,[23] which requires an appeal from a final judgment to be filed within twenty days of the issuance of notice of that judgment. For example, upon a trial court's tort judgment in favor of the plaintiff, a defendant seeking to set off the judgment against a debt owed by the plaintiff to the defendant will not necessarily know within twenty-four hours if the plaintiff will appeal from the judgment. Moreover, until twenty days

on the contractual entitlement of an accommodation comaker of a promissory note to indemnification when that accommodation party settled with the holder of the note during the pendency of an appeal by the underlying obligor from the trial court's judgment of liability. No statutory construction, therefore, was involved.

[23] Practice Book § 4009 provides in relevant part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012."

have passed, the defendant itself will not necessarily have decided, and is not required to have decided, whether to appeal from the trial court's judgment.

According to PaineWebber's reading of § 52-141 (b) (4), therefore, the parties would know whether the trial court judgment was the "final judgment" only upon expiration of the twenty day appeal period. That statute, however, contemplates that the finality of the judgment will be known within twenty-four hours of its rendering. We, therefore, reject PaineWebber's construction, which would create an unpredictable and thereby unworkable rule. Cf. *Fairfield Plumbing & Heating Supply Corporation* v. *Kosa*, 220 Conn. 643, 649–51, 600 A.2d 1 (1991); *Turner* v. *Turner*, 219 Conn. 703, 712–13, 595 A.2d 297 (1991).

We conclude that the trial court's May, 1989 judgments on the merits were the final judgments for purposes of § 52-141 (b) (4) and, therefore, that PaineWebber was required to file its complaint for setoff within twenty-four hours of those judgments. By filing its complaint for setoff in August, 1990, PaineWebber failed to comply with § 52-141 (b) (4). Accordingly, the trial court properly denied PaineWebber's complaint for setoff.

## B

PaineWebber also contends that the trial court improperly determined that PaineWebber was not entitled to a setoff on equitable grounds. We disagree.[24]

This court will reverse a trial court's exercise of its equitable powers only if it appears that the trial court's decision is unreasonable or creates an injustice. *Fel-*

---

[24] Winters contends that, in Connecticut, the right to equitable setoff exists only in contract actions and that, for that reason, the trial court properly denied PaineWebber's request to set off a debt judgment against a tort judgment. Because this contention falls outside the scope of the certified issues, we do not address it.

*lows* v. *Martin,* 217 Conn. 57, 67–68, 584 A.2d 458 (1991); *Godiksen* v. *Miller,* 6 Conn. App. 106, 109–10, 503 A.2d 617 (1986). "[E]quitable power must be exercised equitably . . . [but] [t]he determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) *Reynolds* v. *Ramos,* 188 Conn. 316, 320, 449 A.2d 182 (1982). Although PaineWebber correctly notes that the denial of a legal setoff does not preclude an award of setoff on equitable grounds; *Betts* v. *Connecticut Life Ins. Co.,* 78 Conn. 442, 450–51, 62 A. 345 (1905); a trial court may grant an equitable setoff only to "enforce the simple but clear natural equity." *Spurr* v. *Snyder,* 35 Conn. 172, 174 (1868).

In this case, it was not unreasonable for the trial court to deny PaineWebber's motion for equitable setoff. The trial court's memorandum of decision on the setoff issue stated: "At this time, it would be fundamentally unfair to grant [PaineWebber's] request for [an equitable] setoff. The Appellate Court has directed the trial court to award interest to [PaineWebber pursuant to General Statutes § 52-192a] on the theory [that PaineWebber] has received a judgment in its favor providing for an ultimate recovery in excess of the offer of judgment which it made earlier in the proceedings. If the awards had been setoff at trial and one judgment rendered in favor of the defendant for eighteen cents, the plaintiff's claim for prejudgment interest might have been viewed in a different light by the trial court and the Appellate Court." We conclude that the trial court, before which the parties appeared, reasonably determined that PaineWebber, having decided not to seek setoff until it had secured an award of interest on the judgment in its favor, could not later seek to set off

the judgment in its favor against the judgment in Winters' favor.[25] Accordingly, we reject PaineWebber's claim.[26]

## II

### THE FORECLOSURE ACTION

PaineWebber contends, in the foreclosure action, that the trial court improperly granted an equitable setoff of the *PaineWebber* judgments. Although the Appellate Court held that the trial court had not abused its discretion by granting an equitable setoff in the foreclosure action because the trial court had not been bound by its denial of a setoff in the *PaineWebber* action, we determine that the trial court's memorandum of decision is not amenable to meaningful appellate review of the trial court's decision to grant an equitable setoff. Accordingly, we remand this case for further articulation on that issue. See Practice Book § 4061;[27] see also, e.g., *Lauer* v. *Zoning Commission,* 220 Conn. 455, 473, 600 A.2d 310 (1991); *Rostain* v. *Rostain,* 213 Conn. 686, 693–95, 569 A.2d 1126 (1990).

The trial court determined that distribution of the foreclosure sale proceeds to PaineWebber in the full amount of its *PaineWebber* judgment, without setting off the judgment in favor of Winters, would be "extremely inequitable." Because PaineWebber did not

[25] We do not decide, however, the validity of the trial court's suggestion that PaineWebber would not have been entitled to interest under General Statutes § 52-192a if the judgments had been set off by the trial court.

[26] Even if the Appellate Court's decision in the foreclosure action were affirmed, that affirmance would not render moot the issues in the *PaineWebber* appeal, for the two cases, including the facially similar claims regarding the issue of equitable setoff in each case, involve independent controversies. We, therefore, answer the certified question raising the mootness issue in the negative. See footnote 10.

[27] Practice Book § 4061 provides in relevant part: "If the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision."

move for articulation of the trial court's decision pursuant to Practice Book § 4051,[28] the entire record on which we could review PaineWebber's claim consists of this conclusory statement by the trial court.

"We have repeatedly stated that it is the appellant's responsibility to provide an adequate record for review. . . . Where the factual or legal basis of the trial court's decision is unclear, the appellant should file a motion for articulation pursuant to Practice Book § 4051." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 164–65, 612 A.2d 1153 (1992). In the absence of a motion for articulation, it would be sheer speculation for this court to assume that the trial court exercised its equitable powers unreasonably. See *DiBerardino* v. *DiBerardino*, 213 Conn. 373, 385, 568 A.2d 431 (1990).

We decline, however, to dispose of this case on the basis of PaineWebber's failure to move for an articulation. Rather, we exercise our authority to order a remand because this case required the trial court, presiding over two separate but related cases, to exercise its equitable powers to achieve substantial justice among the parties, and the present record provides an insufficient basis upon which to review that exercise of equitable discretion.

The judgment of the Appellate Court in Docket No. 14460 is affirmed; the judgment of the Appellate Court in Docket No. 14459 is vacated and the matter is

[28] Practice Book § 4051 provides in relevant part: "Any motion seeking . . . an articulation or further articulation of the decision of the trial court shall be determined by the judge of the trial court whence the appeal is taken or the reservation is made. The trial court may make such corrections or additions as are necessary for the proper presentation of the preliminary statement of issues or for the proper presentation of questions reserved . . . ."

remanded to that court with direction that it be remanded to the trial court for further articulation in accordance with this opinion.

In this opinion the other justices concurred.