[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#124)
The plaintiffs, Long Ridge Paid Drivers Association (LRPDA) and certain individual employees of the Long Ridge Fire Company, Inc., have filed a two count third amended complaint against the defendants, James Romaniello and Local 786 of the International Association of Firefighters. The complaint sounds in breach of the duty of fair representation, and interference with "contractual and beneficial" relations.
The defendants argue that the present action should be dismissed because the plaintiffs have failed to exhaust their administrative remedies prior to bringing this action to the superior court. "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v.Ervin, 234 Conn. 498, 503, 661 A.2d 1018 (1995).
General Statutes § 4-471 (5) requires that "[w]henever a question arises as to whether a practice prohibited by sections CT Page 55817-467 to 7-477, inclusive, has been committed by a municipal employer or employee organization, the [State Board of Labor Relations] shall consider that question . . . ." The issue presented here is whether the plaintiffs, through their complaint, have raised questions of a prohibited practice under General Statutes § 7-467 to § 7-477.
The defendants claim that the first count of the plaintiffs' complaint falls under General Statutes § 7-470 (b)(3). General Statutes § 7-470 (b)(3) states: "Employee organizations or their agents are prohibited from . . . breaching their duty of fair representation pursuant to section 7-468." General Statutes § 7-468(d) states: "When an employee organization has been designated in accordance with the provisions of sections7-467 to 7-477, inclusive, as the exclusive representative of employees in an appropriate unit, it shall have a duty of fair representation to the members of that unit."
In the present case, the defendants admit that they are not the designated "exclusive representative of" the plaintiffs. Rather, the co-plaintiff LRPDA is also a certified representative of the individual plaintiffs. General Statutes § 7-468 (d) states quite clearly that it applies where "the employee organization has been designated . . . the exclusive
representative of employees . . . ." Emphasis added. The defendants would have this court explore the legislative intent behind this statute. However, "if statutory language is clear and unambiguous, there is no need for statutory construction."Connecticut Bank Trust Co. v. Winters, 225 Conn. 146, 157,622 A.2d 536 (1993). General Statutes § 7-468 (d), on its face, does not apply here. The motion to dismiss count one is denied.
The plaintiffs allege in count two that the defendants "have interfered with, and continue to interfere with, the contractual and beneficial relations the plaintiffs have with their employees and with the City and its residents." The defendants claim that this is a claim under General Statutes § 7-468 (a), and therefore the plaintiffs have an administrative remedy for count two.
General Statutes § 7-468 (a) states: "Employees shall have, and shall be protected in the exercise of, the right of self organization, to form, join or assist any employee organization, to bargain collectively through representatives of their own choosing on questions of wages, hours and other conditions of employment and to engage in other concerted CT Page 5582 activities for the purpose of collective bargaining or other mutual aid or protection, free from actual interference, restraint or coercion."
In the present case, count two is phrased in terms of the defendants interference with the general "contractual and beneficial relations" of all of the plaintiffs (including the LRPDA) with the city, residents and employees. This is not an allegation of interference with the ability to collectively bargain.[1]
General Statutes § 7-468 (a) does apply to count two of the complaint as it currently pleaded. The motion to dismiss count two of the complaint, therefore, is denied.
So Ordered.
Dated at Stamford, Connecticut, this 8 day of May, 1998.
KARAZIN, JUDGE.