[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
 I CT Page 6141 FACTS
On June 1, 2000, the plaintiff, Alita Grieco, filed a two count complaint against the defendants, Cetka Dalipovski and Lazim Elezovski for physical injuries she sustained when she fell through the exterior porch stairs of the two-family house owned by the defendant Dalipovski and maintained and managed by the defendant Elezovski. Count one alleges negligence against the defendants for their failure to repair the cracked and broken step, for their failure to install handrails on either side of the steps and for their failure to install proper and safe steps at the outset. Count two alleges that the defendant Elezovski was the agent, servant or employee of the defendant Dalipovski.
On February 25, 2002, the defendants filed an answer and two special defenses, including the special defense of setoff. The defendants claim that any damages to which the plaintiff may be entitled on account of her alleged physical injuries should be setoff or reduced by the debt owed by the plaintiff to the defendant Dalipovski for unpaid rent, attorney's fees, and damage and destruction to the premises while the plaintiff resided therein as a tenant.
On March 12, 2002, the plaintiff filed a motion to strike the special defense of setoff for the reasons that it fails to plead facts consistent with the complaint, while nonetheless, demonstrating that the plaintiff has no cause of action and that it is inflammatory and prejudicial.
 II DISCUSSION A.
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the special defense and construe them in the manner most favorable to sustaining their legal sufficiency." (Internal citation omitted.) Barasso v. RearSill Hill Road, LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001). "If the allegations in the challenged pleading support any legally sufficient defense, the motion to strike must be denied." Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. . . . The legal conclusions or opinions stated in . . . [a] . . . special defense are not deemed admitted, but rather must CT Page 6142 flow from the subordinate facts provided." (Internal citations omitted.)County Federal Savings Loan Assn. v. Eastern, 3 Conn. App. 582,585-86, 491 A.2d 401 (1985). "The burden of alleging recognizable special defenses . . . rests upon the defendant." Cowart v. Grimaldi,46 Conn. Sup. 248, 250, 746 A.2d 833 (1997).
In opposition to the motion to strike, the defendants argue that a setoff must be affirmatively pleaded as a special defense. "If . . . a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense." Practice Book § 10-50; Pawlinski v. Allstate Ins. Co., 165 Conn. 1,6, 327 A.2d 583 (1973). Although "[t]he allegations of the . . . special defense . . . [sufficiently] plead a setoff," AA Electronic Security v.Sonitrol Security, Superior Court, judicial district of Hartford at Hartford, Docket No. 576149 (September 13, 2001, Peck, J.), it is necessary to examine the elements of setoff to determine whether this special defense was used appropriately and can survive a motion to strike.
 B. 1.
The Connecticut Supreme Court has defined setoff as a debt which "arises [not] out of the same transaction described in the complaint. . . . [but which] is independent thereof." Savings Bank of New London v.Santaniello, 130 Conn. 206, 210, 33 A.2d 126 (1943). "In Connecticut, a setoff may be legal or equitable in nature." OCI Mortgage Corp. v.Marchese, 255 Conn. 448, 463, ___ A.2d ___ (2001). "An equitable set-off exists where the nature of the claim or the situation of the parties is such that justice cannot be obtained by a separate action." (Internal citation omitted.) Ruitto v. Crowleyand Holmes, Superior Court, judicial district of Middlesex, Docket No. 64775 (June 22, 1993, Walsh, J.).
"Legal setoff is governed by General Statutes § 52-139[1] et seq. and involves [inter alia] mutual debts between parties in any action . . . for . . . tort committed without force pursuant to General Statutes § 52-141[2]. . . ." (Internal citations omitted.) OCI MortgageCorp. v. Marchese, supra, 255 Conn. 463. A `mutual debt' has been defined as `cross-debts in the same capacity and right and of the same kind and quality." (Internal citation omitted.) Ruitto v. Crowley and Holmes, supra, Superior Court, Docket No. 64775. In this case the plaintiff alleges a "debt" due her from the defendants consisting of damages resulting from medical expenses and loss of earning capacity, while the CT Page 6143 defendants allege a "debt" due the defendant Dalipovski from the plaintiff consisting of unpaid rent, costs of repairs to the premises and legal fees. These are not mutual debts. "[T]o constitute mutuality the debts must be due to and from the same persons in the same capacity, they must exist between the parties in their own right, and be of the same kind and quality, clearly ascertained and liquidated." Opticare Centersv. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.). See also, Petty Co. v. JDM,Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 119268 (May 20, 1992, Rush, J.), in which the court held that monetary damages for nonpayment of goods and set off damages for lost profits were "wholly distinct from the claims asserted in the complaint and do not constitute a mutual debt within the meaning of our statute." In holding that "[a]n unliquidated tort claim cannot be set off against a contract claim," the court in Sirowitz v. Jones, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317317 (May 8, 1995,Thim, J.), cited the decision in Springfield-Dewitt Gardens, Inc. v.Wood, 143 Conn. 708, 712-14, 125 A.2d 488 (1956), in which the court held that an unliquidated tort counterclaim could not be set off against a contract claim.
 2.
"Pursuant to § 52-141, a defendant against whom a tort judgment has been rendered may request a court to set off that judgment against a debt owed to the defendant by the plaintiff. Section 52-141 (b)(4) requires . . . that the complaint for setoff be filed within twenty-four hours of `final judgment' on the tort claim." Connecticut Bank Trust Co. v.Winters, 225 Conn. 146, 156, 622 A.2d 536 (1993). "A defendant cannot plead a debt as a setoff in an action on tort. Section 52-141 allows a defendant to setoff a debt against a tort award." Paine Webber, etc. v.Winters, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 218579 (October 17, 1990, Thim, J.).
In granting a motion to strike the special defense of setoff, the court, in Archambault v. Pascual, Superior Court, judicial district of Litchfield, Docket No. 052477 (December 19, 1990, McDonald, J.) ruled that "[w]hen and if the plaintiff in fact receives any payment . . . the defendants may not be precluded from raising that [setoff] to the trial judge after the jury has reached its verdict." In that case, the motion to strike was granted "without prejudice to informing the trial judge of such [setoff] after a verdict is rendered." Id. Thus, where a defendant invoked his pending lawsuit against the plaintiff as authority for pleading setoff in the plaintiff's action, the court specifically held General Statutes § 52-141 to be inapplicable to such a fact pattern on the basis that "a defendant is only permitted a set-off against any CT Page 6144 judgment already rendered against the plaintiff and the set-off must also be for a liquidated amount. . . ." Northeast Savings v. Ursini, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 520116 (July 5, 1994, Corradino, J.).
For the above reasons, as well as the fact that the defendant Elezovski has not demonstrated that he has legal standing to assert the special defense of setoff, the plaintiff's motion to strike is granted. Should the defendant Dalipovski comply with the requirements of General Statutes § 52-141, he, of course, may renew his claim if the plaintiff recovers a judgment against him.
Berger, J.