The plaintiff brought this action on a check made and delivered by the defendant upon which the defendant stopped payment. The defendant claimed duress as justification for stopping payment on the check, which had been given in return for services rendered by the plaintiff in storing and trucking household furniture owned by the defendant, and he also counterclaimed for damage to some of the furniture. The trial court rendered judgment for the plaintiff on the complaint and on the counterclaim. From that judgment the defendant has appealed, assigning error in the facts *Page 579 
found and the conclusions reached with respect to the complaint. No errors have been assigned with respect to the judgment on the counterclaim.
The trial court found that in October, 1971, the plaintiff, which is engaged in the moving and storage business, did move and store household goods belonging to the defendant and his wife at the direction of the wife. In December the defendant requested the plaintiff to return the household goods to his home. He was told that payment of the moving and storage charges would be required at the time the goods were delivered. Before unloading the goods, the truck driver employed by the plaintiff demanded a check for the amount due and the defendant then gave his check in payment. The defendant stopped payment on the check the next day.
Notwithstanding the claim of the defendant to the contrary, there was ample evidence to support the finding of the trial court with respect to the circumstances under which the goods were delivered. A witness for the plaintiff testified that when the defendant requested the return of the goods he was told that payment of the charges was necessary. During his testimony the defendant admitted that the truck driver had insisted on receiving a check before unloading the goods.
While a number of paragraphs of, the draft finding were not contested by the plaintiff, the only undisputed fact of any significance which should have been included in the finding is that the defendant typed on the back of the check which he gave to the truck driver the words "Under Duress — without prejudice to any claims Joseph D. Lansing has or may have."
The fact that a person has made a payment under protest does not establish duress. Crittenden v. *Page 580 
Royce, 100 Conn. 617, 621. None of the facts found by the trial court or which could properly be added to the finding would compel a conclusion that the defendant delivered his check under duress. At the trial he claimed that he did not owe the plaintiff for the storage and trucking charges because they resulted from a directive of his estranged wife, which directive he had not authorized. Regardless of whether he was legally obligated to pay the bill, the plaintiff's insistence upon receiving payment before returning the goods did not present a "pressing, controlling, and immediate necessity . . . to escape a threatened injury, so that there was no avenue of escape other than making the illegal payment." Crittenden v. Royce, supra, 621. The goods had been in storage for about two months before the wife relinquished her claim to them, and the defendant had an adequate opportunity to resort to legal process to regain possession, if his contentions were correct. When arrangements were made beforehand for the return of the goods, he was fully aware that the plaintiff expected to receive payment on delivery. It does not appear that the plaintiff's belief that it was entitled to payment was not honestly held or was so patently untenable as to be groundless. "Where one insists on a payment which he honestly believes he is entitled to receive, certainly unless that belief is without any reasonable ground, his conduct is not wrongful and does not constitute duress." Weiner v. Minor,124 Conn. 92, 95; Remington Arms Union Metallic Cartridge Co. v. Feeney Tool Co., 97 Conn. 129,132. The trial court properly concluded that the defense of duress had not been proved.
 There is no error.
In this opinion PARSKEY and SPONZO, Js., concurred.