CITICORP MORTGAGE, INC. *v.* LISA M.E. UPTON ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 510457
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed August 28, 1992

*Kantor & Silver,* for the plaintiff.

*Tarlow, Levy & Droney,* for the defendants Lisa M.E. and Peter N. Upton.

*Seth Feigenbaum,* for the defendant Quail Ridge of Farmington Homeowner's Association, Inc.

FREED, J. After having obtained a judgment of strict foreclosure, the plaintiff moves pursuant to General Statutes § 49-14a for a deficiency judgment.

Pursuant to a stipulation, judgment was entered on June 15, 1992. The appeal period was waived and title passed on June 17, 1992. The final calculation of the debt was to be determined at a later date. All parties agreed that the fair market value of the property was $342,000 on the date of judgment. The plaintiff sub-

mitted an appraisal as to that amount and the defendants Lisa and Peter Upton submitted a written agreement as to the same amount. The court accordingly found the fair market value of $342,000 at that time.

At a hearing on August 10, 1992, both parties presented evidence to the court as to different values. In addition, the Uptons argued that the plaintiff was not entitled to the interest claimed because the interest was for a longer period than the plaintiff was equitably entitled to under the circumstances of the present case.

At a deficiency judgment hearing, the court is bound to determine the fair market value of the property on the date of vesting of title in the plaintiff. *New Haven Savings Bank* v. *West Haven Sound Development,* 190 Conn. 60, 459 A.2d 999 (1983); *Equitable Life Assurance Society* v. *Slade,* 122 Conn. 451, 459, 190 A. 616 (1932).

At the hearing of August 10, 1992, the plaintiff's expert testified that the value of the property on the date of vesting was not $342,000 as indicated in his report dated May 11, 1992, but $317,000 as of June 17, 1992, scarcely one month and six days later. This difference, he attributed to "better comparables" that he was able to secure subsequent to his original appraisal. The Uptons now claimed through their appraiser that the property on the date of vesting was worth $365,000. They, in fact, had stipulated on June 1, 1992, that the value of the property was $342,000.

This court can conclude only that the testimony provided by both experts was nothing more than protagonistic and accordingly finds the fair market value on the date of vesting of title to be $342,000.

In the present case, the plaintiff is claiming interest on the debt from November 1, 1990, until June 15, 1992, a period of approximately one year and seven months.

The evidence adduced at trial has established that commencing January 9, 1991, the defendant Peter N. Upton began sending a series of letters and making a similar series of telephone calls to the plaintiff indicating that the Uptons could no longer make their mortgage payments and that they wanted to resolve the issue. Starting in February, 1991, correspondence to the plaintiff (February 12, March 4, September 23, November 7 and December 31, 1991) contained offers by the Uptons to convey good title to the plaintiff so as to avoid further interest charges, penalties and costs. No response to these offers was ever made by the plaintiff.

The Uptons now claim that the plaintiffs' conduct has resulted in excessive interest charges, penalties, and costs being charged to them. They ask that the court disallow these charges.

This court is of the opinion that the defendants are entitled to consideration of this claim for several reasons.

Aside from the consideration of the equity involved in a foreclosure action, Connecticut has long recognized the doctrine of good faith and fair dealing in the performance of contractual obligations. General Statutes § 42a-203; *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 567, 479 A.2d 781 (1984).

This doctrine has been applied by the Supreme Court in a landlord-tenant situation where it reaffirmed its reliance on the Restatement (Second) of Contracts § 205, which provides: "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Warner* v. *Konover,* 210 Conn. 150, 154, 553 A.2d 1138 (1989).

Further, a foreclosure action is equitable in nature. *Boretz* v. *Segar,* 124 Conn. 320, 324, 199 A. 548 (1938).

If at trial the court found that the plaintiff's conduct was inequitable it could withhold foreclosure on such equitable considerations and principles. *Lettieri* v. *American Savings Bank,* 182 Conn. 1, 12, 437 A.2d 822 (1980); *Hamm* v. *Taylor,* 180 Conn. 491, 497, 429 A.2d 946 (1980).

In *Hamm* v. *Taylor,* supra, 497, the court also held that on such equitable considerations, the trial court could reduce the amount of the stated indebtedness. See also *Hartford Federal Savings & Loan Assn.* v. *Lenczyk,* 153 Conn. 457, 463, 217 A.2d 694 (1966); *Mackey* v. *Dobrucki,* 116 Conn. 666, 670, 166 A. 393 (1933).

The Appellate Court has also recently recognized this principle in permitting a setoff on an equitable basis. *Connecticut Bank & Trust Co.* v. *Winters,* 26 Conn. App. 317, 321, 600 A.2d 1046 (1991), cert. granted, 221 Conn. 911, 602 A.2d 10 (1992).

In the opinion of this court, the plaintiff's actions in failing to respond and to comply with the Uptons' request that it take title to the property was both a breach of good faith and fair dealing and inequitable conduct on its part toward these defendants. The plaintiff should have taken title to the property no later than May 1, 1991, and consequently should not be allowed interest or late charges beyond that date.

A deficiency judgment may therefore enter in favor of the plaintiff in accordance with this memorandum.[1] The plaintiff is to submit a new proposed deficiency judgment to the court for approval.

---

[1] An appraiser's fee of $375 is allowed, an attorney's fee of $450 is allowed. A homeowner's association fee of $420 may be added to the debt.