[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, People's Bank, brought this foreclosure action against Robert C. Miller, the defendant, upon nonpayment of a note secured by a mortgage on certain property. Judgment of strict foreclosure was entered on November 30, 1992, and law day was set for December 1, 1992. The defendant failed to redeem and title vested in the plaintiff, which now has moved for a deficiency judgment. General Statutes 49-14a. The defendant has objected to plaintiff's motion for deficiency judgment on the basis that he offered a deed to the property before the foreclosure proceedings were even initiated. Defendant also claims that he extended the offer after the proceedings began, and that the bank's failure to CT Page 3234 take the deed resulted in a greater deficiency than otherwise would have resulted. Plaintiff's response to defendant's claim is that a bank is not under any obligation, implied or otherwise, to take a deed in lieu of foreclosure.
"[A] trial court in foreclosure proceedings has discretion, on equitable considerations and principles, to withhold foreclosure or to reduce the amount of the stated indebtedness." Hamm v. Taylor,180 Conn. 491, 497, 429 A.2d 946 (1980). Recently, the superior court has used its equitable power in a foreclosure proceeding to limit interest and late charges that could be collected on a deficiency judgment. Citicorp. Mortgage. Inc. v. Upton, 42 Conn. Sup. 302,616 A.2d 1179 (1992). In Citicorp., defendant notified plaintiff of his inability to pay and made various offers to convey good title to plaintiff so as to avoid mounting interest and other costs. Id., 304. Plaintiff never responded to the offers. Id. Foreclosure was entered on June 15, 1992, well over one year after defendant's initial offer to plaintiff. Id. Plaintiff sought interest on the debt up until June 15, 1992. Id., 303. However, the court found plaintiff's refusal "to respond and to comply with . . . [defendant's] request that it take title to the property was both a breach of good faith and fair dealing and inequitable conduct. . . ." Id., 305. The court went on to find that "plaintiff should have taken title to the property no later than May 1, 1991, and consequently should not be allowed interest and late charges beyond that date." Id.
"The deed is not the equivalent of a foreclosure judgment because . . . `[a] judgment of strict foreclosure vests absolute title in the foreclosing plaintiff, upon the failure of the other parties to redeem the property.'" Bank of Boston v. Platz, 41 Conn. Sup. 587,592, 596 A.2d 31 (April 8, 1991, Satter, J.), quoting First Bank v. Simpson, 198 Conn. 368, 373-374, 507 A.2d 997 (1986). Potential assaults upon the validity of title conveyed in lieu of foreclosure (i.e. lack of adequate consideration or preferential transfer in the event mortgagor goes bankrupt) make it clear that such a tender need not be accepted as payment or in reduction of a debt." Bank of Boston, supra, 591-592. In Bank of Boston, defendants' special defense alleged that while the foreclosure action was pending, defendants offered their deed to the subject property in an attempt to reduce their debt. Id., 588. At the time of tender, the fair market value of the property exceeded the total of all prior liens and mortgages as well as the remaining debt on plaintiff's note and mortgage. Id. Plaintiff rejected the offer the day after it was made. Id. Defendants claimed that CT Page 3235 because of plaintiff's rejection of the offer, plaintiff was not entitled to judgment for any interest or other costs accruing after the date of tender. Id., 588-589. In striking defendants' special defense, the court stated that plaintiff was under no obligation to accept tender and that defendants could have stopped the running of interest and other costs by stipulating to a judgment of foreclosure. Id., 592.
Bank of Boston was cited with approval in Glastonbury Bank 
Trust Co. v. Petco Associates, 7 CSCR 253 (January 10, 1992 Schaller, J.). In Glastonbury Bank, the parties stipulated to judgment of strict foreclosure. However, upon plaintiff's motion for deficiency judgment, defendant claimed that its willingness to reconvey the property prior to the day the property vested in the bank precluded a finding of a deficiency. Id., 254. The court, in rejecting defendant's claim, stated that "[a] debtor has no right to deed the properties securing a debt to the creditor in settlement of a debt where a contract provides for payment in money." Id., quoting Bank of Boston, supra. It is noted that in Suffield Bank v. Berman, 25 Conn. App. 369, 374, 594 A.2d 493
(1991), the appellate court, in dicta, upheld the trial court's refusal to permit evidence of defendants' tender of a deed in a foreclosure proceeding because such was considered evidence contesting liability for interest and was an offer of compromise between the parties.
Tendering a deed in-lieu of foreclosure is not the equivalent of obtaining judgment in strict foreclosure. However, "[r]ecognizing the implied covenant of good faith and fair dealing will not prevent banks from proceeding with their contractual remedies, i.e., foreclosing on defaulting borrowers; it will only make them liable if they have acted improperly." Lafavette Bank 
Trust Co. v. Jarvis, 6 CSCR 925, 927 (September 27, 1991, Spear, J.)
Citicorp, supra, can be read in such a way as to harmonize it with Bank of Boston, because of its finding that plaintiff's action, or inaction, was improper in that plaintiff ignored defendant's efforts to dispose of the matter as quickly as possible. As a result of plaintiff's inaction, the very costs defendant sought to avoid were being claimed by plaintiff. The court felt, based on the facts before it, that plaintiff's claim for over a year and a half of interest on the debt was improper, and used its equitable powers to trim the amount of the deficiency judgment. CT Page 3236
Although a bank cannot be forced to take a deed in lieu of foreclosure, nevertheless, a bank cannot act improperly or delay so as to obtain relief to which it is not equitably entitled. The equities which favored the defendant in Citicorp are absent in the case at bar. For example, it is not alleged that plaintiff "strung defendant along" by not responding to defendant's offer of the deed, and it is not apparent that plaintiff was anything less than diligent and equitable in bringing the case to judgment. Nor has any evidence of the plaintiff's breach of its obligations of good faith and fair dealing been submitted to the court.
Accordingly, a deficiency judgment may enter in favor of the plaintiff for $19,963.67, in accordance with its calculation dated March 29, 1993.
So Ordered.
Dated at Stamford, Connecticut this 6th day of April 1993.
WILLIAM B. LEWIS, JUDGE