[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a note which raises the question as to when and to what extent a lender may collect late charges after demand for full payment of the note.
The defendant Harral Square, Inc. executed a promissory note for $1,200,000 on January 13, 1989. The defendants Neil Crane and John Connelly and Stuart Rutchik signed joint and several guarantees of the note. Rutchik was discharged in bankruptcy on October 30, 1989. Motions for default for failure to appear were granted against the defendants Neil Crane and John Connelly on May 21, 1990. A motion for judgment on the default was not filed against the defendants Crane and Connelly until November 17, 1992, two and one half years later. These motions are now before the court, but another six months has elapsed since they were filed. The plaintiff has not given any convincing reason for the three year delay in proceeding against Crane and Connelly.
The plaintiff filed an affidavit of debt on May 3, 1993, and updated the amount of the debt when the motion was heard on May 17, 1993. The amount claimed is $1,780,469.59 plus attorneys fees of $17,151.58 and costs of $787.50. The per diem interest rate on the loan is $200.48. The debt of $1,780,469.59 consists of unpaid principal of $962,296.18, unpaid interest of of $365,916.96 and late charges of $452,256.45. A supplemental affidavit dated May 20, 1993 increased the late fees to $532,311.73. When this action commenced in February, 1990 with an application for a prejudgment remedy, an affidavit from a bank officer stated the principal as the same amount, namely $962,296.18, but unpaid interest was $31,435.16 and the late charges were only $1,029.75. The interest rate on the note was1-1/2 percent over the mortgage base rate, which was an average of the prime rate of 11 commercial banking institutions. The amount claimed for principal and interest, attorneys fees and costs of suit are approved.
The claim for late charges is based upon a provision in the note dated January 13, 1989 which provides as follows:
 "The Maker will pay a late charge equal to five (5%) percent of any monthly installment not paid fifteen (15) days after the due date. Such charges shall be made on a monthly basis for each payment and for each month such payment is delinquent."
When the note was delinquent in November, 1989 the late charges were $1,029.75. Based on this provision the bank now claims late charges of $532,311.73. When this amount was questioned by the court, the plaintiff was given a hearing to justify the charges, but was unable to do so. The large amount claimed has no rational correlation with the amount of administrative work required by the bank to maintain and service CT Page 5529 the loan, particularly after the loan was referred to the bank's attorneys for collection. There are no significant costs in addition to attorneys fees.
The amount claimed is also rejected for two additional but related reasons. The defendants were given notice by a letter from the bank's attorneys dated November 8, 1989 that demand was made for payment of the entire amount due and owing under the note and that legal action would be taken against the borrower and the guarantors if full payment was not made within one week. The letter contains the same amount as those in the affidavit of February 22, 1990, including a late charge of $1,029.75. Once the bank demanded full payment of the note after default by the defendants, neither the maker or the guarantors were required or even allowed to make monthly installment payments of principal and interest. This action was started a few months later. It is not reasonable to construe the note as requiring the defendants to make monthly payments once collection proceedings commenced, or for the bank to charge additional late charges each month for each monthly payment when it became due since the bank had already demanded full payment. This alone defeats the right to recover more than $1,029.75 in late charges.
The amount claimed is also outrageous under the circumstances. The amount claimed has no correlation to the banks's administrative costs, and it amounts to a penalty. There was unreasonable delay by the plaintiff in completing this proceeding, resulting in escalation of the late charges each month by an arithmatic progression. The amount claimed is also unconscionable as a percentage of the amount due on the note. The amount claimed as interest only on the unpaid principal $962,296.18 amounts to about 10.86% per year, which is reasonable. However the interest and late charges together amount to 24.29% per year. The plaintiff has not shown that these charges are commercially reasonable. The court in foreclosure proceedings has discretion, based on equitable considerations and principals to withhold foreclosure or to reduce the amount of the debt. Hamm v. Taylor, 180 Conn. 491,497. In some cases interest has not been allowed where the lender unreasonably delayed proceeding judgment. Citicorp Mortgage, Inc. v. Upton, 42 Conn. Sup. 302, 305; Federal Deposit Insurance Corporation v. Stevens, 8 Conn. Super. Ct. Rptr. 493
(May 17, 1993) (Satter, J.). While the first count of the complaint is an action on the note against the defendants Neil Crane and John Connelly, the second count is a mortgage CT Page 5530 foreclosure action including Harral Square, Inc. (the mortgagor), Neil Crane, John Connelly and other encumbrancers of the property secured by the note. The claim for late charges is disallowed except for $1,029.75.
Judgment may enter for the plaintiff against the defendants Neil Crane and John Connelly in the amount of $1,331,849.30, and attorneys fees of $17,151.58, or $1,349,000.80 plus costs.
ROBERT A. FULLER, JUDGE