[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION FOR DEFICIENCY JUDGMENT
CT Page 5490
After having obtained a judgment of strict foreclosure, the plaintiff moved for a deficiency judgment. At a deficiency judgment hearing, the court must determine the fair market value of the property on the date of vesting of title in the plaintiff. In this case title vested in the plaintiff on November 2, 1993. The amount of the debt was $493,859.44.
At the hearing the plaintiff's appraiser testified that in his opinion the fair market value of the property as of November 2, 1993 was $185,000. On the other hand, defendant Joseph P. Kennedy, one of the owners of the property (who has had a great deal of real estate experience and who is also an appraiser) testified that the plaintiff's figures were too low. In his opinion the fair market value of the property was $300,000. After hearing all the evidence, the court finds the defendant Kennedy's testimony to be more credible. Accordingly, the court finds the fair market value on the property as of November 2, 1993 to be $300,000. Accordingly, the deficiency is $193,859.44.
The plaintiff is claiming interest on the debt from September 20, 1993, but the court finds the plaintiff is not entitled to it. Mr. Presutti, a majority owner of the property testified that in the spring and summer of 1990 all of his loans in other banks were called. Thus he was effectively broke. He went to the plaintiff bank and told the people in charge to take the property back. The property was offered to the bank several times after that, but the bank did not accept the offer. Under the circumstances of this case the court believes it to be inequitable to require the defendant to pay interest. Citicorp Mortgage, Inc. v. Upton,42 Conn. Sup. 302 (1992).
The plaintiff seeks additional attorney's fees in the amount of $2,000. The sum of $10,200 has already been awarded. The court finds an additional amount of $1,000 would be fair.
The plaintiff seeks an additional appraisal fee of $2,300. An appraisal fee of $650 has already been awarded. An additional appraisal fee of $650 would be fair and is hereby awarded. Costs in the amount of $1,864.30 (including the additional $650 appraisal fee) appear to be fair. CT Page 5491
Accordingly, judgment may enter for the plaintiff as follows:
Deficiency Judgment $193,859.44
 Attorney's fees (Original award $10,200 Additional award 1,000) 11,200.00
 Costs (Including additional appraisal fee $1,214.30 650.00 1,864.30
$206,923.74
Allen, State Trial Referee