[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action seeking a foreclosure of its mortgages on three properties owned by the defendant John C. Mandanici, Jr. The defendant filed four special defenses in opposition. Two of these defenses were withdrawn after the close of the defendant's evidence. The first of the remaining special defenses alleges that the defendant offered to convey the mortgaged properties to the plaintiff bank at a time when there was equity in the properties, but that the bank refused to accept the conveyance. As a result, the defendant contends, the bank may not collect interest on the mortgage debt which accrued during the period after the conveyance was offered. In his second special defense, the defendant alleges that "[c]ertain papers and notes were signed by the defendant under duress." The trial was limited to the issues raised in the special defenses.
The second special defense is readily disposed of. The defendant had the burden of proving that he was compelled to sign the notes or mortgages in question as a result of a "pressing, controlling and immediate necessity . . . to escape a threatened injury, so that there was no avenue of escape other than making the illegal payment." Smedley Co. v. Lansing,35 Conn. Sup. 578, 580 (1978), quoting Crittenden v. Royce,100 Conn. 617, 621 (1924). The defendant did not testify to any threats or pressure or compulsion in connection with his execution of promissory notes and mortgages in favor of the bank. Bank officials who testified confirmed the absence of any threats or coercion in connection with the defendant's execution of notes and mortgages to the Bank. The defendant failed to sustain his burden of proof with respect to the special defense of duress.
As support for his special defense that the offer to reconvey the mortgaged properties to the bank precludes the bank's recovery of interest accruing after the date of the offer, the defendant cites Citicorp Mortgage, Inc. v. Upton,42 Conn. Sup. 302 (1992). The court there disallowed the recovery of interest after a certain date on a motion for deficiency judgment. The facts were that the defendant property owners repeatedly offered the lender a deed to the mortgaged property, both orally and in writing. The plaintiff mortgage company did CT Page 6461 not respond to any of the offers. The court found that the failure to respond to the offers and the failure to comply with the request to take a deed constituted a breach of the plaintiff's duty of good faith and fair dealing.
Citicorp Mortgage, Inc. v. Upton is distinguishable from the current facts in two respects. First, officials of Gateway Bank did discuss with the defendant here the option of the bank taking a deed in lieu of foreclosure. Secondly, these bank officials explained to the defendant why they preferred to permit the defendant to liquidate the properties while title remained in his own name.
Moreover, the ruling in Citicorp Mortgage, Inc. v. Upton
represents a minority view on this issue. All of the other reported decisions of which this court is aware rule to the contrary — that a mortgagee is not obligated to accept a deed in lieu of foreclosure. Bank of Boston Connecticut v. Platz,41 Conn. Sup. 587 (1991); People's Bank v. Miller, 8 CSCR 432 (May 3, 1993); Glastonbury Bank and Trust Co. v. Petco Associates,7 CSCR 253 (February 24, 1992); Gateway Bank v. Lawler, 9 Conn. Law Rptr. No. 5, 129 (June 21, 1993). These cases represent the better-reasoned view on the issue of tender of a deed in lieu of foreclosure, holding that promissory notes which require payment in money cannot be satisfied by payment in real estate. The courts in these cases pointed out that acceptance of a deed in lieu of foreclosure can leave the mortgagee open to attack with respect to the validity of its title, both for inadequate consideration and as a preference if a bankruptcy is later filed. In addition, conveyance by deed will not give the mortgagee title to the property free and clear of other subsequent encumbrances — only a foreclosure judgment can accomplish that.
This court finds in accord with the majority view that the offer of a deed in lieu of foreclosure is not a valid defense nor does it preclude the bank from recovery of interest accruing after the date of the offer of the deed. The court will also note, however, that it was not conceded by the plaintiff bank that the defendant made an actual tender of a deed in lieu of foreclosure. Although the defendant testified that he made the offer verbally at least three times, the defendant's loan officer, Mary Scanlon, testified that the defendant had not offered her a deed in lieu of foreclosure. In addition, another bank officer, William Farrell, testified that the defendant did CT Page 6462 not make an actual or specific offer or tender of a deed. Rather, he testified, he and the defendant discussed a conveyance of the mortgaged properties in a general discussion of several options available to satisfy the notes. The court credits the testimony of the bank officials and finds that the defendant did not make an actual offer to reconvey the mortgaged properties to the plaintiff.
The court finds for the plaintiff on the special defenses and further finds that the debt to the plaintiff shall not be reduced as a result of the alleged offer to convey the mortgaged properties. This matter should now proceed to judgment on the foreclosure calendar.
CHRISTINE S. VERTEFEUILLE JUDGE OF THE SUPERIOR COURT