[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO STRIKE THE AMENDEDSPECIAL DEFENSE OF THE DEFENDANT, SAMUEL H. CHORCHES
The named defendant in this foreclosure action filed his answer to the complaint on April 18, 1995, and also alleged by way of a special defense that the "[p]laintiff breached the implied covenant of good faith and fair dealing." The defendant's objection to the plaintiff's request to revise his responsive pleading was overruled by the court and he thereafter filed an amended special defense in which he alleged that the plaintiff has "at all times" intended to foreclose on the property, that the defendant was "willing to cooperate" in expediting the foreclosure or to assist in transferring the property to a third party, but that the plaintiff had failed to negotiate "in a meaningful, fair and timely manner in an attempt to increase the claim for damages in regard to the instant matter."
The plaintiff has filed a motion to strike the amended special defense on the ground that it is legally insufficient because it does not relate to "the making, validity or enforcement of the mortgage being foreclosed upon." A motion for summary judgment on the complaint as to liability only was filed simultaneously with the motion to strike in which the plaintiff claimed that there was no issue of material fact and that it was entitled to judgment as a matter of law pursuant to § 384 of the Practice Book.
Our Supreme Court has repeatedly affirmed and consistently applied the doctrine of good faith and fair dealing in contractual relationships as expressed in § 205 of the Restatement (Second) of Contracts, which provides that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and CT Page 10203 its enforcement." Warner v. Konover, 210 Conn. 150, 154-55. The essentially equitable principle of good faith and fair dealing has been recognized by this court in at least one case as being particularly applicable to a foreclosure action where it disallowed claims for interest and late charges in a deficiency judgment proceeding because of the mortgagee's unreasonable failure to comply with the mortgagor's repeated requests that the mortgagee take title to the property prior to foreclosure in order to avoid any further interest charges, penalties and costs. CiticorpMortgage, Inc. v. Upton, 42 Conn. Sup. 302.
The Supreme Court has also stated categorically that "[t]heprinciple . . . cannot be applied to achieve a result contrary tothe clearly expressed terms of a contract," because the implied covenant of good faith and fair dealing is a rule of contract construction "designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." (Emphasis in original.) Eis v. Meyer, 213 Conn. 29, 36-37. Under Connecticut law, therefore, the parties may rely on the express terms of the contract and the implied duty of good faith "may not be used to override explicit contractual terms." Grand Light Supply Co.,Inc. v. Honeywell, Inc., 771 F.2d 672, 679 (2d Cir. 1985).
The covenant of good faith and fair dealing that is implied in every contract and the duty of fair dealing that it imposes on the parties does not alter the terms of a written agreement and cannot be invoked by a debtor to preclude a creditor from exercising its bargained-for rights under a loan agreement. Glenfed FinancialCorp. , 647 A.2d 852, 857-58 (N.J. App. 1994). There is no implied duty of forbearance on the part of a creditor in the enforcement of its remedies according to the terms of the contract and the covenant of good faith and fair dealing "does not impose any affirmative duty of moderation in the enforcement of [its] legal rights" in the absence of factual allegations that invoke the equitable doctrines of estoppel and waiver. Price v. Wells FargoBank, 261 Cal.Rptr. 735, 742 (Cal.App. 1989).
"The implied covenant of good faith cannot be used by [courts] as a tool for rewriting the [contract] based on unspecified notions of fairness." General Aviation Inc. v. Cessna Aircraft Co.,703 F. Sup. 637, 644 (W.D.Mich. 1988). Parties to a contract are not each others' fiduciaries and any attempt to add a condition of "just cause" to the exercise of contractual privileges would only serve to "reduce commercial certainty and breed costly litigation."Kahm Nate's Shoes No. 2, Inc. v. First Bank, 908 F.2d 1351, 1357
CT Page 10204 (7th Cir. 1990).
For the foregoing reasons the plaintiff's motion to strike the amended special defense is granted.
The defendant has not responded to the plaintiff's motion for summary judgment by way of a counteraffidavit or memorandum of law and the plaintiff's affidavit in support of its motion appears to substantiate the controverted allegations of the complaint and to negate the factual allegations of the special defense. Nevertheless, pursuant to § 157 of the Practice Book, the court will defer its ruling on that motion in order to allow the defendant to replead if he chooses to do so within fifteen days of the filing of this decision.
Hammer, J.